### JOHN T. PRATT *v.* E. H. SAMUELS et al.

**Pleadings — Sufficient Answer — Amended Petition.**

> Appellants deny that they were indebted to their codefendant in any sum whatever, at the institution of the original action: *Held,* That this answer though filed in response to the original petition, should be held to sufficiently controvert the more specific averments of indebtedness, made in an amended petition, subsequently filed.

**Evidence Taken Before Consolidation.**

> Where causes are consolidated without objection, the evidence taken before may be used on the trial of the consolidated case.

APPEAL FROM KENTON CIRCUIT COURT.

April 26, 1867.

OPINION OF THE COURT BY JUDGE HARDIN:

As the appellees, A. L. and J. Hardin, in their answer to the original petition of appellant deny that they were indebted to their codefendant Samuel in any sum whatever at the institution of the action, we think this answer, though filed in response to the original petition, should be taken to sufficiently controvert the more specific averments of indebtedness from them to Samuel

made in the amended petition, subsequently filed, and that under the issue so formed the burden was on the appellant of proving an indebtedness from the Hardins to Samuel. The suits of Clarkson against Hardins which appear to have been consolidated with this, without objection, furnish the only evidence which was before the court as to the alleged indebtedness of said Hardins to Samuel and from that it appears that said Hardins' notes for the balance of the price of property purchased by them of Samuel, and which embraced all they owed him, had been assigned and transferred to Clarkson before this suit was brought.

Therefore, perceiving no error in the judgment dismissing the appellant's petition, the same is affirmed.

This court has repeatedly decided that the right to prosecute a cross-appeal as provided by section 895 of the Civil Code, is only allowed in behalf of an appellee against the appellant and not against a coappellee. Said Hardins' cross-appeal against Clarkson is, therefore, dismissed.

*Stevenson & Muers,* for Appellant.

*Simmons, and Pryor & Chambers,* for Appellee.